# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

JASON E. COHEE,               )
                                   )
             Plaintiff,        )
                                   )
             v.              )     Case No. 23-cv-01288-JES
                                   )
JODI M. HOOS,              )
                                   )
             Defendant.   )

## ORDER AND OPINION

This matter is before the Court on the Defendant's Motion to Dismiss. Doc. 6 (the "Motion"). For the following reasons, the Motion is GRANTED in its entirety.

### Background

On August 1, 2023, Plaintiff Jason M. Cohee filed a *pro se* Complaint (Doc. 1) and a supporting Memorandum of Law (Doc. 1-1) in the Federal Court for the Central District of Illinois, Peoria Division, alleging that Defendant Jodi M. Hoos, the Peoria County State's Attorney, violated his constitutional rights by failing to prosecute Mary Cohee (*i.e.*, Plaintiff's mother) for financial exploitation.[1]

Plaintiff states*, inter alia*, that Mary Cohee "refuses to give petitioner inherited animal head mounts killed by dad, James Cohee" and also "has several Pet Companion eyes she will not return." Doc. 1 at 5. Plaintiff also asserts that he "has a small claims case pending in Fulton County against Mary cohee[sic] for Recovery[sic] of knives and an all-terrain vehicle." *Id.* Plaintiff notes that he has unsuccessfully sought the prosecution of his mother in Peoria County, which appears to have

---

[1] The Court accepts the facts stated in the Complaint as true for the purposes of a motion to dismiss. *See Fehlman v. Mankowski,* 74 F.4th 872, 874 (7th Cir. 2023).

resulted in criminal contempt charges filed against him, as well as an administrative order restricting him from the Peoria County Circuit Clerk's Office. *Id.* at 3-4.

Seemingly due to his failed attempts to encourage Defendant to prosecute his mother, Plaintiff petitions the Court to appoint a special prosecutor. *Id.* at 6.[2] Plaintiff suggests that such an appointment is warranted as Defendant "has a conflict of personal interest with emotional attachment" to him, because "the relationship involves significant emotional ties such as a February 2015 accusation of petitioner threatening the defendant as a [sic] city in trial judge in Peoria County in her front yard as he bow Hunted [sic] across the fence." *Id.* In the alternative, Plaintiff claims that the Court should grant his petition as Defendant has shown actual and substantial prejudice towards him, on the basis of his ongoing interactions with the Peoria County State's Attorney Office. *See, e.g.*, *id.* at 7 ("We might not want to forget that assistant Peoria County State's attorney, Dana Hughes, has been subpoenaed as a witness in a choice of venue hearing by petitioner in Fulton County. August 21st is the hearing date.")

On September 13, 2023, Defendant moved to dismiss Plaintiff's Complaint Doc. 6. On that same day, Shig Yasunaga, the Clerk of Court for the Central District of Illinois, issued a notice to Plaintiff, containing the following information, Doc. 8 (emphasis in original) (cleaned up):

> NOTICE IS HEREBY GIVEN that a case-dispositive motion (such as a motion to dismiss or motion for judgment on the pleadings) has been filed. See Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 12(c). Please be advised that you have **fourteen (14)** days from the date of service to respond to the motion. Under the court's local rules, if no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties. In effect, the court may grant the motion and your case may be dismissed. See L.R. CDIL 7.1(B).

---

[2] Plaintiff repeatedly cites to state law cases and standards, despite alleging his claim under federal law. *See, e.g.*, Doc. 1 at 6 (citing to *In re Special Prosecutor*, 164 Ill. App. 3d 183, 187, 115 Ill. Dec. 271, 517 N.E.2d 682 (1987), for the elements to prove his cause of action, even though that case did not concern Section 1983 or federal law generally).

On September 29, 2023, a Case Administrator working in the Clerk's Office out of the Springfield Division sent an email at 4:10 PM informing chambers staff of an interaction with Plaintiff concerning a response to the Motion. The email states, in pertinent part:

**Subject:** 23-1288 Call Reg Rule 12c Notice

Good Afternoon. I just wanted to make you aware of a situation that just occurred in our office regarding case 23-1288. The Plaintiff Jason Cohee called concerning the rule 12c notice that was mailed to him. He was not happy that the Clerk of Court was sending him notices when his case was located in Peoria. His call was to make a record to the court that he believes that we are corrupt and does not plan on filing a response, choosing instead to wait for an order to be filed. We made him aware that if he wanted information to be added to the record he should submit that information in a written format. Let me know if you have any questions.

As of the date of entering this Order, Plaintiff has not filed any new information, let alone a response, with the Court in this case. *See* Docket. Thus, the Court turns to Defendant's Motion, without the benefit of Plaintiff's briefing in opposition.

### Legal Standards

Defendant moved to dismiss the Complaint under both Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. "'When a motion to dismiss is based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b)(6) defenses, the court should consider the Rule 12(b)(1) challenge first.'" *Khan v. Bitter*, HDL-22-6617, 2023 WL 6311561, at *2 (N.D. Ill. Sept. 28, 2023) (quoting *Rizzi v. Calumet City*, 11 F. Supp. 2d 994, 995 (N.D. Ill. 1998) in turn citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)). "If the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction, the accompanying Rule 12(b)(6) defenses become moot and need not be addressed." *Barlow-Johnson v. Center for Youth and Family Solutions*, SEM-22-3214, 2023 WL 5826966, at *1 (C.D. Ill. Sept. 8, 2023) (citation omitted).

"Rule 12(b)(1) is the means by which a defendant raises a defense that the court lacks subject-matter jurisdiction," such as a challenge to the plaintiff's standing. *Bazile v. Fin. Sys. of*

*Green Bay, Inc*., 983 F.3d 274, 279 (7th Cir. 2020); *see also* Fed. R. Civ. P. 12(b)(1). Where the defendant makes a facial challenge to the sufficiency of the allegations of the complaint regarding subject matter jurisdiction, the court "accept[s] all well-pleaded factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Prairie Rivers Network v. Dynegy Midwest Generation*, *LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021) (citation omitted). When the defendant contends that "'there is in fact no subject matter jurisdiction,'" even if the pleadings are "formally sufficient," the court may "look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Silha v. ACT, Inc*., 807 F.3d 169, 173 (7th Cir. 2015) (quoting *Apotex Dig., Inc. v. Sears, Roebuck, & Co*., 572 F.3d 440, 444 (7th Cir. 2009)).

On the other hand, a motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In reviewing the motion, the Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the nonmovant. *See Sevugan v. Direct Energy Services, LLC*, 931 F.3d 610, 612 (7th Cir. 2019). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put the defendant on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**Discussion**

As noted, Plaintiff has not filed a response to the Motion. As such, the Court's disposition of the Motion turns on the plausibility of Defendant's arguments for dismissal.

"If [a court] is given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co*., 168 F.3d 1039, 1041 (7th Cir. 1999). It follows that a plaintiff's failure to respond to a Rule 12(b)(1) or Rule 12(b)(6) motion which sets forth plausible reasons for dismissal, is grounds for granting the motion. *See Braun v. Village of Palatine*, 56 F.4th 542, 553 (7th Cir. 2022) ("A litigant waives an argument by failing to make it before the district court.") (internal quotation omitted); *Lee v. Ne. Illinois Reg'l Commuter R.R. Corp*., 912 F.3d 1049, 1053-54 (7th Cir. 2019) ("[E]ven a complaint that passes muster under the liberal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) can be subject to dismissal if a plaintiff does not provide argument in support of the legal adequacy of the complaint.") (citation omitted); *Alioto v. Town of Lisbon*, 651 F.3d 715, 718, 721 (7th Cir. 2011) ("[A] litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss.") (citing *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005)).

Here, Defendant presents a plausible argument for dismissal on the basis that the Court lacks subject matter jurisdiction over the case.[3] Defendant claims that Plaintiff has failed to plead a constitutional violation for "failure to prosecute." Doc. 6 at 3-4.[4] In particular, Defendant

---

[3] Notably, Defendant's Motion as to Rule 12(b)(1) is dependent on the Court's initial review of the failure to prosecute claim under Rule 12(b)(6).

[4] Plaintiff asserts that Defendant's failure to prosecute his mother violated his due process. However, Defendant argues that such claims sound in equal protection, not due process. Doc. 6 at 4 n.1. Plaintiff seems to agree. In the "Summons in a Civil Action," Plaintiff cites to *Hilton v. City*

maintains that a failure to prosecute, in and of itself, will not violate the Constitution, because prosecutors have discretion as to who will be charged with violating the law. *Id.* (citing *Van Dyke v. Vill. of Alsip*, 819 F. App'x 431 (7th Cir. 2020); *Olech v. Village of Willowbrook*, 160 F.3d 386 (7th Cir. 1998); *Esmail v. Macrane*, 53 F.3d 176 (7th Cir. 1995)). And, while Defendant admits that a "selective prosecution claim" is actionable under the Constitution, she avers that Plaintiff has not pled facts in support of such a claim, as "Defendant did not prosecute Plaintiff nor is Plaintiff alleging that Defendant targeted him for prosecution based on retaliation or his membership in a protected class, which would be required to state an 'actionable' claim for selective prosecution."   *Id.* at 4. In turn, Defendant asserts that because Plaintiff's sole jurisdictional hook, *i.e.*, failure to prosecute, is subject to dismissal for failure to state a claim, the suit as a whole is subject to dismissal for lack of subject matter jurisdiction. *Id.*

Given the plausibility of Defendant's Rule 12(b)(1) argument, the Court need not review any other ground for dismissal. But, to cement the futility of Plaintiff's Complaint, the Court shall nonetheless review Defendant's remaining arguments under Rule 12(b)(6) for failure to state a claim, as they too provide plausible reasons for dismissal.

Defendant asserts that the Court, even at this early stage of litigation, may dismiss the case based on the affirmative defense that she is entitled to absolute immunity. *Id.* at 6 (citing *Chi. Bldg. Design, PC v. Mongolian House Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014)). Defendant emphasizes that "a prosecutor is entitled to absolute immunity from suit under § 1983 when their actions are within the scope of their prosecutorial duties." *Id.* (citing *Bianchi v. McQueen*, 818 F.3d 309 (7th Cir. 2016))). And, the "protection of immunity includes a prosecutor's decision not

---

*of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000), and states that the case "considers Equal Protection values…" Doc. 2.

to pursue charges." *Id.* (citing *Ross Yordy Const. Co. v. Naylor*, 55 F.3d 285, 287 (7th Cir. 1995)). Further, the immunity extends to the State's Attorney as well as the Assistant State's Attorneys acting within the scope of their duties. *Id.* at 7 (citing *Gilliland v. Ramos*, JBM-22-1364, 2023 WL 3437797, *1 (C.D. Ill. May 12, 2023) in turn citing *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1979)). As the Complaint contains "all the facts necessary to establish Defendant's affirmative defense of absolutely [sic]      immunity," Defendant urges the Court to dismiss the case. *Id.*

Defendant also contends that Plaintiff's request of the Court to appoint a special prosecutor to charge his mother for a state criminal offense is beyond the bounds of the Court's authority. Doc. 6. at 5-6. Defendant states that "[t]o maintain the separation of powers, judges are generally forbidden from undertaking tasks within the purview of the executive branch. *Id.* at 5 (citing *United States v. Courtland*, 642 F.3d 545, 549–50 (7th Cir. 2011)). In this way, Defendant asserts that "[f]ederal courts have the authority to appoint a special prosecutor only in federal criminal contempt proceedings." *Id.* at 6 (citing *Flint v. City of Belvidere*, 791 F.3d 764, 769 (7th Cir. 2015)). Accordingly, because "criminal contempt charges against Plaintiff are not at issue and Plaintiff is not asking for his Honorable Court to appoint 'Special Counsel' under the federal scheme…. Plaintiff's prayer for relief is beyond this Court's authority and must be denied." *Id.*

Mr. Cohee failed to respond to the three above-noted plausible arguments set out in the Motion and so he effectively abandoned his claims against Defendant and forfeited any substantive argument he might have had against dismissal. *See Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) (claims waived where party asserting them "did not provide the district court with any basis to decide" them and "did not respond to [the opposing party's] arguments); *see also Stransky v. Cummins Engine Co*., 51 F.3d 1329, 1335 (7th Cir.1995) (stating that federal courts "will not invent legal arguments for litigants"). As a result, Mr. Cohee also seems to endorse

Defendant's bases for dismissal. *See Bonte v. U.S. Bank, N.A.*, SLC-08-696, 2009 WL 1256567, at *2 (W.D. Wis. May 4, 2009) (concluding that a plaintiff's failure to respond to motion to dismiss "has the entirely predictable effect of conceding" the validity of the argument for dismissal), *aff'd*, 624 F.3d 461 (7th Cir. 2010)).

To be sure, the pleadings of *pro se* litigants, such as Plaintiff, are entitled to a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). However, "[*p*]*ro se* status does not serve as a license to ignore the Federal Rules of Civil Procedure…." *Watford v. Harner*, SPG-18-1313, 2022 WL 579490, at *5 (S.D. Ill. Feb. 25, 2022) (citing *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998)); *see also Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[E]ven pro se litigants must follow rules of civil procedure"). Furthermore, where a *pro se* plaintiff fails to respond to a plausible argument raised by a defendant in a motion to dismiss, federal district courts in the Seventh Circuit routinely grant dismissal. *See, e.g.*, *Bates v. Envision Unlimited, Inc*., CPK-21-6099, 2023 WL 3568684, at *3 (N.D. Ill. May 19, 2023); *Wilcox v. Clark*, JED-21-776, 2022 WL 3099002, at *4 (N.D. Ind. Aug. 4, 2022); *Garza v. Cervantes*, GF-14-23, 2015 WL 468748, at *1 (N.D. Ill. Feb. 3, 2015); *Naylor v. Streamwood Behavioral Health Sys*., FJK-11-50375, 2012 WL 5499441, at *5 (N.D. Ill. Nov. 13, 2012). Therefore, Plaintiff's *pro se* status cannot be used to fully mitigate his failure to respond to the Motion. Accordingly, the Court shall GRANT the Motion in its entirety.

Nevertheless, the Court recognizes that "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). This is especially true in the case of *pro se* litigants. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). However, "these general principles have some limits." *Stanard v. Nygren*, 658 F.3d

792, 801 (7th Cir. 2011). And, "courts have broad discretion to deny leave to amend where ... the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Such is the case here, as a combined review of the Complaint, the Motion, and applicable legal principles suggests that Plaintiff's meritless pleadings cannot be rehabilitated.

Additionally, when Plaintiff called the Clerk's Office, as discussed *supra*, he indicated that he would not be filing a response and chose instead to wait for the issuance of the Court's Order. Providing Plaintiff with an opportunity to amend his Complaint, when he clearly evinced an intent not to prosecute his case, would be futile. Plaintiff's inaction is also observed against the backdrop of his "frequent filer" status. *See In re Meltzer*, 534 B.R. 757, 771 (N.D. Ill. 2015) ("No leniency should be given to 'frequent and experienced pro se litigants who have a reasonable degree of legal sophistication, and indeed have been sanctioned before in this District.'") (quoting *Zahran v. Frankenmuth Mut. Ins. Co.*, JFG-94-4827, 1997 WL 53107, at *3 (N.D. Ill. Feb. 6, 1997)). Plaintiff has previously filed ten unsuccessful civil suits in the Central District of Illinois, many of which were dismissed as frivolous and one of which resulted in sanction. *See Cohee v. Pritzker*, JBM-20-01188, Doc. 6 (C.D. Ill June 22, 2020) (affirmed prior dismissal of complaint and ***sanctioned*** plaintiff for "(A) repeatedly filing frivolous, meritless claims in violation of Federal Rules of Civil Procedure 11(b)(2) & (3), and (B) using uncivil and potentially threatening language about members of the judiciary potentially in violation of Rule 11(b)(1)" by barring plaintiff from filing an amendment complaint); *Cohee v. Cohee*, JES-20-01140, Text Order, (C.D. Ill. May 26, 2020) (dismissed the amended complaint for failure to provide a clear and concise statement of the facts that properly state a claim on which relief may be granted); *Cohee v. Callahan*, JBM-20-01115, Doc. 10 (C.D. Ill. Apr. 21, 2020) (dismissed amended complaint with prejudice as the claims were frivolous and Plaintiff had "ample opportunity to sufficiently allege them but failed to do so");

*Cohee v. Asbell*, JBM-20-01090, Doc. 4 (C.D. Ill. Mar. 10, 2020) (dismissed for failure to establish standing); *Cohee v. Brady et al.*, JBM-18-01273, Doc. 7 (C.D. Ill. Aug. 22, 2018) (dismissed the amended complaint for "rehashing the exact same allegations in his original complaint" and counting the dismissal as "one of Plaintiff's three allotted 'strikes'"); *Cohee v. Peoria County Sheriff's Department*, JES-11-01042, Doc. 11 (C.D. Ill. Apr. 20, 2011) (dismissed for failure to allege any deprivation of a federal right); *Cohee v. State of Illinois*, MMM-11-01068, Doc. 5 (C.D. Ill. Feb. 23, 2011) (dismissed complaint as frivolous and for failure to state a claim because it was "incoherent, unintelligible, and/or without merit"); *Cohee v. State Farm Fire and Casualty Co., et al.*, JBM-06-01146, Doc. 19 (C.D. Ill. Feb. 6, 2007) (dismissed with prejudice for want of prosecution); *Cohee v. McDade*, MPM-06-01263, Doc. 9 (C.D. Ill. Jan. 9, 2007) (dismissed because plaintiff did not have a private right of action); *Cohee v. State of Illinois*, MMM-06-01073, Doc. 3 (C.D. Ill. Mar. 22, 2006) (dismissed for lack of jurisdiction and failure to state a claim).

Consequently, the Court declines to permit Plaintiff to file an amended complaint, and so the Complaint shall be dismissed WITH PREJUDICE. *See, e.g.*, *Newland v. I.D.O.C. Staff*, RLM-23-235, 2023 WL 4888071, at *2 (N.D. Ind. July 31, 2023).[5]

The Court wishes to address the separate issue of Plaintiff's sanctionable conduct in the case *sub judice*, which it raises on its own accord. *See Hess v. Biomet, Inc.*, JED-16-208, 2022 WL 2314885, at *19 (N.D. Ind. June 28, 2022) ("A court is allowed to 'impose sanctions *sua sponte*[.]'") (quoting *Johnson v. Cherry*, 422 F.3d 540, 551 (7th Cir. 2005)). Specifically, the Court focuses on the frivolous and unfounded claims contained within the Complaint.

---

[5] The Court's decision to dismiss the Complaint with prejudice, on the basis that allowing Plaintiff leave to file an amended complaint would be futile, is not to be construed as a sanction.

"Under Federal Rule of Civil Procedure 11, which applies to pro se litigants, a party may not present the court with any pleading, motion, or other paper that contains a frivolous legal contention or a factual assertion that lacks evidentiary support." *Tatum v. Lucas*, LA-11-1131, 2021 WL 824340, at *2 (E.D. Wis. Mar. 4, 2021) (citing *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990)). And, "'for Rule 11 purposes a frivolous argument is simply one that is baseless or made without a reasonable and competent inquiry.'" *Beal v. Armstrong Containers, Inc., et al*, PP-22-378, 2023 WL 6441348, at *10 (E.D. Wis. Sept. 30, 2023) (quoting *Berwick Grain Co. v. Ill. Dep't of Agric.*, 217 F.3d 502, 504 (7th Cir. 2000)). "The very point of Rule 11 is to lend incentive for litigants to stop, think and investigate more carefully before serving and filing papers." *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 958 (7th Cir. 2020) (internal quotation omitted). Thus, "[p]resenting a legal claim that is unwarranted under the law … may incur a Rule 11(c) penalty." *Falls v. Paries*, No. 22-2252, 2023 WL 2445682, at *2 (7th Cir. Mar. 10, 2023) (citation omitted).

Mr. Cohee's litigation history, including this case, is replete with examples of frivolous, unreasonable, and ostensibly malicious filings. And, the Court cannot ignore Mr. Cohee's behavior, especially bearing in mind, as noted *supra*, that he was sanctioned under Rule 11(c) in a prior case, and otherwise admonished in other suits, for largely the same conduct. The Court also notes that Plaintiff's recurrent filings, often against governmental entities, unjustifiably drain the resources of both the federal courts and state government at the expense of the public fisc. This Court is not alone in considering for a *pro se* plaintiff's continued disregard of the Federal Rules

of Civil Procedure when considering sanctions. *See, e.g.*, *Johnston v. Ward*, ARW-20-07247, 2021 WL 4932742, at *5 (N.D. Ill. Jan. 11, 2021).[6]

Therefore, the Court shall order Mr. Cohee to show cause as to why he should not be sanctioned for the reasons outlined in this opinion. *See* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order a[ ] ... party to show cause why conduct specifically described in the order has not violated Rule 11(b).")

## Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss (Doc. 6) is GRANTED in its entirety. The Complaint (Doc. 1) is therefore DISMISSED WITH PREJUDICE. Prior to entering final judgment, however, Plaintiff is ORDERED to show cause by October 20, 2023, as to why sanctions should not be imposed.

Entered on this 5th day of October 2023.


*/s/ James E. Shadid*
UNITED STATES DISTRICT JUDGE

---

[6] The Court is also uneasy as to Mr. Cohee's prior interactions with staff in the Peoria Division's Clerk's Office. In the past, Clerk's Office staff have informed chambers that Mr. Cohee needed to be escorted by courthouse security, as he was heated and argumentative.