## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JASON E. COHEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-01288-JES |
| | ) | |
| JODI M. HOOS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

Mr. Cohee filed suit on August 1, 2023, requesting that this Court appoint a special prosecutor to investigate his mother for financial exploitation. Doc. 1 (the "Complaint"). Defendant moved to dismiss the Complaint (Doc. 6, the "MTD") and Mr. Cohee did not respond. So, after due consideration of the MTD, the Complaint, and the relevant case law, the Court dismissed the suit on October 6, 2023, with prejudice. Doc. 10. The Court also noted that this was Mr. Cohee's eleventh futile suit in the Central District of Illinois, and that Mr. Cohee was previously sanctioned. *Id* at 9-10. So, in consideration of Mr. Cohee's continued efforts to clog this Court's docket with "frivolous, unreasonable, and ostensibly malicious filings," *id.* at 11, the Court ordered Mr. Cohee to show cause as to why he should not be sanctioned. *Id.* at 12.

On October 20, 2023, Mr. Cohee filed a timely response to the Court's show cause order. Doc. 11 (the "Motion"). His filing appears to serve two purposes. First, Mr. Cohee argues that the court committed several mistakes of law, and therefore moves the Court to vacate its Amended Order and Opinion (Doc. 10) under Fed. R. Civ. P. 60(b)(1).[1] Second, he asserts that as the Order

---

[1] Notably, Mr. Cohee appears to request the Court to vacate its Order and Opinion of October 5, 2023. But that Order was Amended the following day, and so the Court construes Mr. Cohee's Motion as pertaining to the Amended Order and Opinion.

was flawed, it is not a proper basis on which to assess sanctions. In essence, Mr. Cohee appears to argue that the Court's alleged errors necessitate a finding that Mr. Cohee should not be sanctioned. *See* Doc. 11 at 6. For the foregoing reasons, Mr. Cohee's Motion is DENIED, and the Court shall sanction Mr. Cohee.

### Analysis

"[R]elief under [Rule 60(b)] has been described as 'an extraordinary remedy ...granted only in exceptional circumstances.'" *Dolin v. GlaxoSmithKline LLC*, 951 F.3d 882, 886 (7th Cir. 2020) (quoting *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017)). Indeed, Rule 60(b) relief is typically only granted "when 'no reasonable person could agree' with the decision to deny relief." *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009) (quoting *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000)). "Nevertheless, a district court generally has 'considerable latitude' in ruling on such motions, which the Seventh Circuit has characterized as 'discretion piled on discretion.'" *Viahart LLC v. Suzhou Everich Imp. & Exp. Co., Ltd.*, TMD-20-5651, 2021 WL 3857787, at *3 (N.D. Ill. Aug. 30, 2021) (quoting *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) in turn citing *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)).

Of relevance here, "Rule 60(b)(1) allows the court to relieve a party from a final judgment or order based on mistake, inadvertence, surprise or excusable neglect." *Griffin by Griffin v. Shoiab*, PP-21-722, 2022 WL 16855637, at *2 (E.D. Wis. Nov. 10, 2022). And, "'Rule 60(b)(1) covers all mistakes of law made by a judge.'" *Blitch v. United States*, 39 F.4th 827, 834 (7th Cir. 2022) (quoting *Kemp v. United States*, 596 U.S. 528, 534 (2022)).

Perhaps most apropos to Mr. Cohee's Motion, "[a] party cannot have relief under Rule 60(b)(1) merely because he is unhappy with the judgment." *Trahanas v. Northwestern University*, JJT-15-11192, 2021 WL 7708961, at *1 (N.D. Ill. Nov. 12, 2021) (quoting *Ben Sager Chems. Int'l,*

2

*Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Furthermore, "Rule 60 [is] not [an] appropriate vehicle[] for relitigating arguments that the district court previously rejected, or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration." *Anderson v. Holy See*, 934 F. Supp. 2d 954, 957 (N.D. Ill. 2013) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007)).[2] The Court now addresses each of Mr. Cohee's Rule 60(b)(1) contentions in turn.[3]

Claim #1

Mr. Cohee argues that Defendant's MTD should have been stricken because it was not signed. Doc. 11 at 2. It appears that Mr. Cohee emailed Defendant on October 15, 2023, after the Court entered the Amended Order and Opinion (Doc. 10), indicating to Defendant that she was required to sign her MTD but failed to do so. Doc. 11 at 6. Mr. Cohee seems to suggest that Defendant's failure to promptly sign the MTD is a basis for striking it, even though it has already been ruled on. Doc. 11 at 2. Notwithstanding the procedural infirmities belying Mr. Cohee's argument, the MTD was indeed signed. Fed. R. Civ. P.  11(a) permits a party's attorney to sign a pleading on his or her behalf. Dana J. Hughes entered a notice of appearance on behalf of Defendant. *See* Doc. 5. And, Hughes signed the MTD, *see* Doc. 11 at 37:

---

[2] Relatedly, the Court pauses to note that many of the arguments made by Mr. Cohee in connection with the Motion could have been raised during the pendency of the MTD. Yet, Mr. Cohee chose not to file a response. *See* Doc. 10 at 7-8. And, "Rule 60(b) is "not an appropriate place to slip in arguments that should have been made earlier."" *Justise v. Warden*, RLM-21-419, 2022 WL 423162, at *3 (N.D. Ind. Jan. 12, 2022) (quoting K*arraker v. Rent-A-Ctr., Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)). Thus, the Court could summarily dispose of a select number of Mr. Cohee's present contentions due to the procedural posture of the case.

[3] In doing so, the Court liberally construes Mr. Cohee's Motion due to his status as a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); see *also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). While Mr. Cohee's Motion is not always clear, the Court has devised allegations concerning eight separate legal errors.

RESPECTFULLY SUBMITTED,

JODI HOOS,
Defendant.

By: s/ Dana J. Hughes

Attorney Bar Number: 6289841
Assistant State's Attorney
Peoria County State's Attorney's Office
324 Main Street, Room 111
Peoria, Illinois 61602
Telephone: (309) 672-6900
Fax: (309) 495-4914
E-mail: dhughes@peoriacounty.org

Defendant was not required to sign the MTD, as her attorney's signatures complied with Rule 11(a). To the extent that Mr. Cohee believes that the motion was required to be signed by a "'ballpoint'" pen, this Court reminds Mr. Cohee that "[digital] signatures are now commonplace." *Wanger v. Securities and Exchange Commission*, 720 F. App'x. 792, 793 (7th Cir. 2018). The Supreme Court has specifically stated that, while Rule 11(a) initially called for a "handwritten" signature, *Becker v. Montgomery*, 532 U.S. 757, 764 (2001), it did "not doubt that the signature requirement can be adjusted to keep pace with technological advances." *Id.* at 763. The Supreme Court expressly noted that a district court's local rules, so long as they permit proper authentication of a digital signature, satisfy the "'signed'" requirement under Rule 11(a). *Id.* at 764. Here, the Central District of Illinois Local Rule 11.4(A) contains authentication procedures and signature requirements for digital filers that conform with *Becker*, 532 U.S. 757. Ms. Hughes appears to have fully complied with the local rules, and her signature is therefore sufficient for the purposes of satisfying Rule 11(a).[4] Thus, Mr. Cohee's argument fails.

---

[4] The Court also notes that, in the time that has passed since *Becker*, 532 U.S. 757, was decided, Fed. R. Civ. P. 5, which governs the serving and filing of pleadings, has been amended

Claim #2

Mr. Cohee suggests that because he is a disabled person who was financially exploited by his mother, the Court had pendent jurisdiction over his request for the appointment of a special prosecutor. Doc. 11 at 2-3. While not expressly articulated, Mr. Cohee seems to invoke statutes intended to confer protections onto protected classes, here, a person with a disability, in arguing that this Court has subject matter jurisdiction over his Complaint. However, Mr. Cohee did not claim explicitly that he was suing on the basis of his disability. Nor did Mr. Cohee allege facts that would permit a Court to infer as much. Indeed, Mr. Cohee did not name his mother, the person allegedly responsible for financially exploiting him, in the Complaint. And, even if Mr. Cohee had named his mother in the suit, the appropriate cause of action seems to arise under state law, not federal law. *See Estate of Rivers by Rivers v. Citibank Corp.*, TMD-22-6729, 2023 WL 5830792, *2 (N.D. Ill. Sept. 8, 2023) (quoting 720 ILCS 5/17-56(a)). Thus, the Court could not exercise pendent jurisdiction when the claim providing the jurisdictional hook would seemingly sound in state law. *See Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514-15 (7th Cir. 2009). Additionally, all relevant parties appear to be citizens of Illinois, so diversity jurisdiction does not apply. *See* 28 U.S.C. § 1332. Accordingly, any suggestion that this Court can exercise jurisdiction over the Complaint due to Mr. Cohee's disability is entirely unfounded.

Claim #3

Mr. Cohee argues that the Court committed a legal error by not considering *Marcure v. Lynn*, 992 F.3d 625 (7th Cir. 2021). Doc. 11 at 10-11. In particular, Mr. Cohee appears to believe that this Court's decision runs contrary to the Seventh Circuit's holding "that courts may not

---

on numerous occasions to better accommodate the digital era. *See, e.g.*, 2018 Amendments ("Amended Rule 5(d)(3) recognizes increased reliance on electronic filing.").

dismiss Rule 12(b)(6) motions solely because they are unopposed." *Marcure*, 992 F.3d at 627. However, this Court did not grant Defendant's MTD ***solely*** because it was unopposed. The Court reviewed Mr. Cohee's Complaint and laid out his allegations. Doc. 10 at 1-2. Then, the Court assessed the plausibility of Defendant's three arguments for dismissal. In doing so, the Court reviewed the cases and principles cited by Defendant, as well as Defendant's application of these teachings to the Complaint. Doc. 10 at 5-7. Upon review, the Court determined all of Defendant's averments for dismissal to be plausible and so dismissed Mr. Cohee's Complaint. This Court's treatment of the MTD differs entirely from the lower court's decision in *Marcure*.

In *Marcure v. Lynn*, SEM-18-3137, 2019 WL 13240861, at *3 (C.D. Ill. Sept. 30, 2019), the court neither discussed the officer defendants' arguments for dismissal, nor assessed the plausibility of such arguments, both in contrast to the Court here. Instead, that court granted the motion to dismiss solely because there was no response. *Id.* That court relied on Local Rule 7.1(B)(2), which provides: "If no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties." However, the Seventh Circuit noted that the local rule does not permit a court to automatically grant a motion to dismiss when there is no opposition. *Marcure*, 992 F.3d at 632. Rather, the local rule permits courts to rule on the motion without providing additional notice to the non-movant. *Id.*

Consequently, the Court did not err in relying on the local rules to address the MTD without the benefit of Mr. Cohee's response.[5] Furthermore, as discussed, the Court did not rely solely on the motion's lack of opposition when dismissing Mr. Cohee's Complaint. Therefore, Mr. Cohee's contention on this ground must fail.

---

[5] Indeed, the Court would be remiss not to note that Defendant has failed to respond to the instant Motion, and yet it has reviewed Mr. Cohee's arguments in a similar manner to those contained within Defendant's MTD.

6

Claim #4

Mr. Cohee appears to contend that this Court erred in citing a district court decision in support of the statement that "[t]his Court is not alone in accounting for a pro se plaintiff's continued disregard of the Federal Rules of Civil Procedure when considering sanctions." Doc. 11 at 10 (quoting Doc. 10 at 9 in turn citing *Johnston v. Ward*, ARW-20-07247, 2021 WL 4932742, at *5 (N.D. Ill. Jan. 11, 2021)). Mr. Cohee appears to confuse the purpose of this Court's citation in stating that this Court disregarded "'*stare decisis*'" in citing to the district judge's case as controlling authority. Doc. 11 at 10 (citing *Wilson v. Layne*, 526 U.S. 603, 617 (1999)). District judges routinely look to other district court opinions as persuasive authorities that "carry no more weight than the force of their reasoning demands." *In re Ethiopian Airlines Flight ET 302 Crash*, ___ F. Supp. 3d ___, 2023 WL 3728625, at *3 (N.D. Ill. May 30, 2023). In finding the reasoning and facts in *Johnson*, 2021 WL 4932742, to be persuasive and similar to the case at bar, the Court, cited that case as an example of another district court considering a *pro se* plaintiff's troublesome litigation history. Doc. 10 at 9. This Court did not look to a district court case as binding authority. Mr. Cohee's argument on this basis is frivolous.

Claim #5

In Mr. Cohee's fifth claim, he avers that Defendant mistakenly argued that the State's Attorney was part of the executive branch, rather than the judicial branch, and so, Mr. Cohee suggests that this Court erred in finding the Defendant's argument that this Court lacks authority to appoint a special prosecutor to be plausible. Doc. 11 at 13-14. Mr. Cohee, however, confuses the aim of Defendant's argument. Defendant's point was that, Mr. Cohee is asking this Court to impermissibly engage in the prosecution of crimes. Doc. 6 at 6 (citing *Olsson v. Madigan*, JJT-12-3057, 2013 WL 24576 (N.D. Ill. Jan. 2, 2013). While Defendant largely cites cases involving the

federal executive branch, it is likely due to Mr. Cohee creating an albatross of a case where he asks a federal court to intrude into state criminal matters. And, it is clearly established that "Illinois law vests in the State's Attorney the exclusive discretion to initiate and manage a criminal prosecution." *Mateunas v. Piland*, 182 F.3d 922, 1999 WL 313742, at *2 (7th Cir. 1999) (citation omitted). Thus, Defendant's request for dismissal was appropriately deemed plausible by the Court on this basis.[6]

Claim #6

Mr. Cohee appears to take issue with the Court's reference to Mr. Cohee's prior interactions with courthouse staff. *See* Doc. 11 at 2, 9-10. A "district court entitled to consider [a] party's past conduct in imposing and fashioning sanctions." *United States Bank Nat'l Ass'n, N.D. v. Sullivan–Moore*, 406 F.3d 465, 471 (7th Cir. 2005) (citation omitted). "However, Rule 11 and our case law also mandate that this evidence must be stated with some specificity in the record, and the offending party must be given a full and fair opportunity to respond to the charges." *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 710 (7th Cir. 2001). Here, the Court detailed Mr. Cohee's past conduct with respect to his interaction with the Clerk's office and his intention not to file a response, Doc. 10 at 2-3, as well as his prior enflamed interactions with courthouse staff. *Id.* at 12 n.9. Mr. Cohee had the opportunity to respond to the Court's statements as to his

---

[6] As an ode Mr. Cohee's dire concern over this Court's respect for controlling authority, it bears noting that the Seventh Circuit has stated that "[u]nder Illinois law, the State's Attorney, as a member ***of the executive branch of government***, is vested with exclusive discretion in the initiation and management of a criminal prosecution." *Spiegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997) (emphasis added) (citing *Hunt v. Jaglowski*, 926 F.2d 689, 692 (7th Cir.1991) (in turn citing *People ex rel. Daley v. Moran*, 94 Ill.2d 41, 67 Ill. Dec. 790, 792, 445 N.E.2d 270, 272 (1983)); *see also Lamer v. Holder*, SMY-18-1706, 2019 WL 570604, at *3 (S.D. Ill. Feb. 11, 2019) (applying *Spiegel*); *Stevens v. Dewitt Cnty. Ill*., SEM-11-3162, 2011 WL 4948605, at *9 (C.D. Ill. Oct. 18, 2011) (same); *Lanza v. City of Chi*., WRA-08-5103, 2009 WL 3229407, at *4 (N.D. Ill. Oct. 1, 2009) (same).

past conduct, be he failed to do so. *See* Doc. 11. Nevertheless, the Court's consideration of Mr. Cohee's prior interactions with courthouse staff was only to provide context as to Mr. Cohee's less-than-civil behavior as a civil litigant. Rather, the Court's Amended Order and Opinion clearly indicated that Mr. Cohee's prior filing history, including his ten failed lawsuits and previous sanction, combined with the frivolity of the instant Complaint, was the basis for possible sanctions. *See* Doc. 10 at 11-12. Thus, to the extent Mr. Cohee argues that this Court blundered in noting his history, whether concerning his past interactions with courthouse staff or his frivolous filings, his Motion must fail.

Claim #7

Mr. Cohee appears to double-down on his initial citation *In re Special Prosecutor*, 164 Ill. App. 3d 183, 115 Ill. Dec. 271, 517 N.E.2d 682 (1987), for the proposition that this Court failed in concluding that it did not have jurisdiction over Mr. Cohee's Complaint. Doc. 11 at 7. In that case, the court recognized that "the law is now settled that ***circuit courts possess the inherent power to also appoint special attorneys*** 'when the regular officer is absent or disqualified, in order to prevent a failure of justice' even before a suit or proceeding has commenced." *Id.* at 186, 115 Ill. Dec. at 273, 517 N.E.2d at 684 (quoting *In re Appointment of Special State's Attorneys*, 42 Ill. App. 3d 176, 182, 1 Ill. Dec. 195, 199, 356 N.E.2d 195, 199 (1976)). The reference was to a state circuit court, not a federal district court. As such, it cannot provide a basis for this Court's exercise of subject matter jurisdiction. Therefore, Mr. Cohee's claim fails.

There is another related kernel to this case not addressed in the Court's Amended Order and Opinion because the argument was not made by Defendant. I note that Mr. Cohee's Complaint indicates that he petitioned the proper forum, *i.e.*, the state court, for the appointment of a special prosecutor, and his request was denied. Doc. 1 at 3-4. Thus, it appears that the *Rooker-Feldman*

doctrine would divest this Court of subject matter jurisdiction over the case, notwithstanding the Court's ruling on Defendant's MTD. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

"The *Rooker-Feldman* doctrine is an important foundation for the division of power between federal and state courts." *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023). Consequently, the doctrine prohibits federal courts other than the Supreme Court of the United States from reviewing final state court judgments. *See Andrade v. City of Hammond*, 9 F.4th 947, 948 (7th Cir. 2021). The doctrine reflects the fact that "[l]ower federal courts are not vested with appellate authority over state courts." *Sykes v. Cook County Circuit Court Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016).

Without fully detailing the nuances and contours of the doctrine, of particular relevance here, the Seventh Circuit has stated that it "extends to claims that are 'inextricably intertwined with the state-court judgment [such that] the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Lewis v. Anderson*, 308 F.3d 768, 772 (7th Cir. 2002) (quoting *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). Thus, if this Court were to appoint a special prosecutor, pursuant to Mr. Cohee's request, that decision would necessarily mean that the state court wrongly decided the issue. And so, it would seem at first glance, that the doctrine prohibits the consideration of Mr. Cohee's petition for relief.

Nevertheless, the docket contains insufficient information to adequately analyze the applicability of the doctrine, and so the Court shall refrain from ruling on this issue of subject matter jurisdiction under *Rooker-Feldman*.[7]

---

[7] To the extent that Mr. Cohee's petition for the appointment of counsel is not subject to the *Rooker-Feldman* jurisdictional bar, it may otherwise be dismissed due to *res judicata*, as it appears his request was already litigated in state court. *See Royse v. Google Co.*, HAB-23-61, 2023

Claim #8

Finally, Mr. Cohee quarrels with the Court's reference to his failure to respond to Defendant's MTD, in combination with the plausible arguments made in that motion, as signaling that Mr. Cohee "*effectively*," Doc. 10 at 7 (emphasis added), endorsed the Defendant's alleged basis for dismissal. Doc. 11 at 14-16. Mr. Cohee's reasoning is not clear to the Court, at least to the extent it is offered to indicate a mistake of law or to avoid sanctions. On the one hand, he seems to admit that his out-of-court statements constitute an express waiver of his arguments against dismissal. *Id.* at 14-15. On the other hand, he seems to suggest, in attempting to analogize his situation to *Miranda v. Arizona*, 384 U.S. 436 (1996), that he could not have possibly given up his legal right to pursue his grievances against the Defendant, *i.e.*, for failing to prosecute his mother. Doc. 11 at 15.

Mr. Cohee's assertion, however, operates under the assumption that such a legal right exists from the get-go. The Court determined that the Complaint did not contain a sufficient basis for the alleged legal right that Mr. Cohee sought to redress. Nor has Mr. Cohee offered any evidence or argumentation to the contrary, instead, he relies on conclusory statements as to the existence of his

---

WL 4683304, at *1 (N.D. Ind. July 19, 2023) ("Res judicata, also known as claim preclusion, precludes litigation over matters which have already been litigated and is designed to ensure the finality of judicial decisions.") (citing *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589 (7th Cir. 1986)). Indeed, "federal courts must give a state court judgment the same preclusive effect that it would receive under state law." *Wilhelm v. City of Milwaukee*, 325 F.3d 843, 846 (7th Cir. 2003). And of relevance here, "although res judicata is an affirmative defense, a district court may premise its dismissal of a pro se complaint on res judicata when all three elements of the defense are apparent from the face of the complaint." *Kelly v. Illinois Central School Bus LLC*, JPS-23-21, 2023 WL 356139, at *2 (E.D. Wis. Jan. 23, 2023) (citing *Atherton v. St. Vincent Hosp.*, 774 F. App'x. 304, 305 (7th Cir. 2019)). Nevertheless, the Court abstains from delving further into the doctrine, because it lacks "adequate information… to evaluate whether there is 'an identity of the causes of action' between this case and the state-court case." *Cooper v. Dart*, JFK-19-5349, 2023 WL 1970694, at *6 (N.D. Ill. Feb. 13, 2023) (citing *Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006)).

right to pursue his requested relief. That is not to say there is no possibility for the complained-of conduct to be remedied, either elsewhere or when asserted under different legal theories. Nothing in the Court's Amended Order and Opinion indicates anything to the contrary. But this Court did not rule on such fiction, nor will it do so now. And so, Mr. Cohee's Motion as it relates to his concerns regarding "waiver" must be denied.

As it stands, it is now time to close this case: Mr. Cohee doesn't have to take his claims home, but they can't stay here. Thus, in light of the foregoing, Mr. Cohee's Motion to Vacate under Rule 60(b)(1) is DENIED in its entirety.

### Sanctions

Mr. Cohee's approach to avoiding possible sanctions is a curious one. The primary basis for this Court's order to show cause was Mr. Cohee's repeated filing of futile suits in the Central District of Illinois. Yet, Mr. Cohee has only cemented the Court's concern that he is bound to repeat his inappropriate filing pattern, as the instant Motion showcases yet another example of a blatantly meritless filing. In this way, Mr. Cohee's flagrantly disregarded the Court's warning in filing his Rule 60(b)(1) motion. Additionally, Mr. Cohee failed to provide any other basis for the Court to consider as mitigating against the possible imposition of sanctions.

At the end of the day, Mr. Cohee's "cavalcade of frivolous suits must stop." *Salem v. Attorney Registration and Disciplinary Commission of Supreme Court of Illinois*, ___ F.4th ___, 2023 WL 6300717, at *4 (7th Cir. Sept. 28, 2023). Therefore, the Court finds monetary sanctions necessary and appropriate to deter this misuse of scarce judicial resources. The Court hereby sanctions him in the amount of $1,000 and bars him from filing civil suits in this District until this fine is paid. *See Turner v. City of Chi.*, Nos. 22-1612, 22-2461, 2023 WL 2810055, at *4 (7th Cir. Apr. 6, 2023). If Mr. Cohee pays the $1,000 fine and files further frivolous suits, he may be subject

to steeper sanctions. *See Smith v. United States Congress*, No. 22-2592, 2023 WL 3581990, at *2 (7th Cir. May 22, 2023) ("The $2,000 sanction was clearly insufficient to deter Smith's improper conduct, and so now we fine him $5,000 for his continued vexatious litigation.") (citing *Reed v. PF of Milwaukee Midtown, LLC*, 16 F.4th 1229, 1232 (7th Cir. 2021)).

**Conclusion**

For all these reasons, this Motion is DENIED, and the Clerk is directed to close this case.

Jason E. Cohee is sanctioned in the amount of $1,000, payable to the Clerk of the Court and barred from filing civil suits in this District and barred from filing civil suits in this District in accordance with *Support Sys. Intl v. Mack*, 45 F.3d 185 (7th Cir. 1995). Unless and until that sanction is paid, Mr. Cohee is prohibited from filing new civil cases in the Central District or filing anything in his now-closed civil cases other than a notice of appeal. Any papers he submits will be returned unfiled.

The filing bar imposed by this Order applies to any post-judgment motion, but not a notice of appeal, that Plaintiff might attempt to file in an existing case. *See Montgomery v. Davis*, 362 F.3d 956, 958 (7th Cir. 2004). This Order will not prohibit Mr. Cohee from filing a petition of writ of habeas corpus or defending himself in any criminal action.

This order will remain in effect until Mr. Cohee has paid the sanction. Mr. Cohee may seek a modification or recession of this Order by filing a motion no earlier than two years from the date of entry of this Order. Mr. Cohee must include a copy of this Order with any papers he submits to the court while this filing restriction is in place.

The Clerk of the Court is directed to return unfiled all papers tendered by Mr. Cohee until he has paid the $1,000 sanction or this Order is modified. *See Marinov v. FCA US LLC*, Nos. 21-2797, 21-2798, 21-2799, 2023 WL 2473110, at *3 (7th Cir. Mar. 13, 2023); *see also In re City of*

13

*Chicago*, 500 F.3d 582, 585–86 (7th Cir. 2007).


Entered on this 8th day of November 2023.


<u>s/ James E. Shadid</u>
UNITED STATES DISTRICT JUDGE